SO ORDERED: June 26, 2017.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BILLY ALBERT RENNER and | ) | Case No. 11-02559-JMC-13 |
| LORETTA ANN RENNER, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| BILLY ALBERT RENNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 16-50180 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION and | ) | |
| FIVE BROTHERS MORTGAGE COMPANY | ) | |
| SERVICES AND SECURING INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

    THIS MATTER comes before the Court on the *Motion to Dismiss Complaint* filed by Five Brothers Mortgage Company Services and Securing Inc. ("Five Brothers") on September 28, 2016 (Docket No. 21) (the "Motion"). The Court, having reviewed the Motion,

the *Brief in Support of Motion to Dismiss Complaint* filed by Five Brothers on September 28, 2016 (Docket No. 21-1), the *Brief in Opposition to Motion to Dismiss Complaint* filed by Billy Albert Renner ("Debtor") on December 21, 2016 (Docket No. 32), the *Reply in Support of Motion to Dismiss Complaint* filed by Five Brothers on January 4, 2017 (Docket No. 33), the *Complaint for Damages in Core Adversary Proceeding and Request for Jury Trial* filed by Debtor on July 1, 2016 (Docket No. 1) (the "Complaint"), the amended *Chapter 13 Plan* filed by Debtor on May 31, 2011, as modified (Bankruptcy Case Docket Nos. 22 and 32) (the "Plan"), and the *Order Confirming Plan* entered by the Court on July 5, 2011 (Bankruptcy Case Docket No. 34) (the "Confirmation Order"), and being duly advised, now **GRANTS** the Motion.

## *The Bankruptcy Case*

On March 10, 2011, Debtor (and his joint debtor) filed a voluntary petition commencing a chapter 13 bankruptcy case. Debtor's Plan was confirmed on July 5, 2011. Paragraph 11 of the Confirmation Order provided that "Property of the estate shall re-vest in the debtor upon entry of this confirmation order, subject to the rights of the trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306."

Post-confirmation, on October 7, 2011, U.S. Bank National Association ("Bank") filed a *Motion for Relief from Stay and to Abandon Real Estate with 30 Day Waiver* (Bankruptcy Case Docket No. 40) (the "Stay Relief Motion"), seeking relief from the automatic stay to enforce its rights and remedies under applicable law as a secured creditor holding a mortgage lien against property owned by Debtor located at 6827 Amber Springs Way, Indianapolis, Indiana 46237 (the "Home"). On November 21, 2011, the Court entered its *Order Denying Motion for Relief from Stay and to Abandon Real Estate with 30 Day Waiver and to Cure Arrears* (Bankruptcy Case Docket No. 49), and ordered that if Debtor failed to comply with such order or to make any

future mortgage installment payment, then the stay would be lifted and the Home abandoned upon the Bank's filing a notice of default.  Bank filed such notice of default on March 12, 2014 (Bankruptcy Case Docket No. 69), and the Court lifted the stay and ordered the Home abandoned on April 4, 2014 (Bankruptcy Case Docket No. 70) (the "Default Order").

The chapter 13 trustee filed her notice of Plan completion on May 13, 2016 (Bankruptcy Case Docket No. 96), and Debtor received his discharge on June 28, 2016 (Bankruptcy Case Docket No. 99).

*Positions of the Parties*

Debtor filed the seven-count Complaint, alleging that the acts and conduct of Five Brothers and Bank (which, while not a party to this Motion, is the party who engaged Five Brothers to perform the acts in question) associated with Bank's foreclosure of its mortgage lien against the Home in state court constitute a willful violation of the automatic stay (11 U.S.C. §§ 362(a)(1) and (6)), a violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692(f)), a nuisance (Ind. Code § 32-30-6-6), common law trespass, criminal trespass (Ind. Code § 35-43-2-2), an intentional infliction of emotional distress, and an invasion of privacy by intrusion. Those acts include, *inter alia*, changing the locks, placing a lockbox on the front door and placing a padlock on the garage door; refusing and/or delaying Debtor's access to the Home; rummaging through, ransacking and dumping Debtor's personal items throughout the Home; removing a four-foot tall tin knight and a bag of wheat pennies and some silver dollars (collectively, the "Property") that had belonged to Debtor's deceased grandfather from the Home; and entering the Home without permission.  The time period of these alleged acts is from approximately March 31, 2016 through April 2016.

In the Motion, Five Brothers argues that the Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary

proceeding by Fed. R. Bankr. P. 7012(b). Specifically, Five Brothers argues that the Complaint fails to (a) establish Five Brothers as a statutorily-defined debt collector undertaking actions in furtherance of collecting a debt; (b) allege facts that Five Brothers is responsible for the removal of the Property from the Home; (c) allege facts to support a finding that Five Brothers intended to remove the Property and/or inflict emotional or other harm. Additionally, Five Brothers alleges that Ind. Trial Rule 13(A) bars the Complaint as an unpled compulsory counterclaim to a pending state court action.

*Standard of Review*

> Courts review Rule 12(b)(6) motions as follows:
>
> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).
>
> To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

*Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc.*, 2013 WL 2402990 at *3 (N.D. Ind. 2013).

*Reasoning*

Pursuant to 11 U.S.C. § 1327(b), "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." The Seventh Circuit has ruled that "while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *Black v. U.S. Postal Service (In re Heath)*, 115 F.3d 521, 524 (7th Cir. 1997). With exceptions not relevant here, "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1).

The Court concludes that the Property was not property of the estate at the time of the alleged acts. Plan confirmation vested the Property in Debtor on July 5, 2011 (which was nearly five years before the alleged acts were taken by Five Brothers). The Property was clearly not necessary to fulfill the Plan, as Debtor (and his joint debtor) completed the Plan payments without using the Property and received his discharge on June 28, 2016 (approximately two months after the alleged acts). The automatic stay was not in place as to the Property at the time of the alleged acts, so Five Brothers could not have violated it. Therefore, even taking the facts alleged in the Complaint as true, Debtor is not entitled to relief on Count I alleging a willful violation of the automatic stay.

Even though Five Brothers did not assert lack of subject-matter jurisdiction in the Motion,[1] "[s]ubject-matter jurisdiction is the first question in every case, and if the court

---

[1] The Court notes, however, that Five Brothers filed a *Limited Consent to Jurisdiction* on September 28, 2016 (Docket No. 20), in which it admitted that Debtor's claims of alleged violations of the automatic stay are a core proceeding but only consented to the entry of a final order on the Motion.

concludes that it lacks jurisdiction it must proceed no further." *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). *See also* Fed. R. Civ. P. 12(h)(3), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).  The Court concludes that it lacks subject-matter jurisdiction over the remaining counts of the Complaint.  Because the Home[2] and the Property were not property of the estate at the time of the alleged acts, there is no other basis on which the Complaint asserts "core proceedings" that are "arising under" the Bankruptcy Code or "arising in" Debtor's chapter 13 case pursuant to 28 U.S.C. § 157(b).  Thus, for this Court to have jurisdiction, the remaining counts must be "related to" the chapter 13 case, 28 U.S.C. § 1334(b), "which means … only if it is likely to affect the debtor's estate ... ." *Heath*, 115 F.3d at 524 (citations omitted).

Debtor's estate will not be affected by the remaining counts because the Plan has been completed and Debtor has been discharged.  Therefore, the Court finds that it has no "related to" jurisdiction over the remaining counts of the Complaint.

*Conclusion*

Even taking the facts Debtor alleges in the Complaint as true and drawing all reasonable inferences therefrom, Debtor has not shown that he is entitled to relief in this Court on any of the counts of the Complaint.  Therefore, the MOTION is granted, and the allegations against Five Brothers are DISMISSED WITHOUT PREJUDICE such that Debtor may pursue his allegations against Five Brothers in a court of competent jurisdiction.

IT IS SO ORDERED.

# # #

---

[2] There is no dispute that the Home is not property of the estate and the automatic stay did not apply to the Home at the time of the alleged acts taken by Five Brothers by virtue of the stay relief and abandonment granted in the Default Order.