SO ORDERED: October 20, 2017.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BILLY ALBERT RENNER and | ) | Case No. 11-02559-JMC-13 |
| LORETTA ANN RENNER, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| BILLY ALBERT RENNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 16-50180 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on the *Motion to Dismiss Complaint for Lack of Subject-Matter Jurisdiction* filed by U.S. Bank National Association ("Bank") on August 17, 2017 (Docket No. 40) (the "Motion"). The Court, having reviewed the Motion and *Defendant U.S. Bank National Association's Brief in Support of Motion to Dismiss for Lack of Subject-*

*Matter Jurisdiction* filed on August 17, 2017 (Docket No. 41) (the "Brief"), having noted that no timely response thereto was filed by Billy Albert Renner ("Debtor"), having entered the *Order Granting Motion to Dismiss* on June 26, 2017 (Docket No. 34) (the "Prior Dismissal Order") with respect to Five Brothers Mortgage Company Services and Securing Inc. ("Five Brothers"), and being otherwise duly advised, now **GRANTS** the Motion.

<u>The Bankruptcy Case</u>

On March 10, 2011, Debtor (and his joint debtor) filed a voluntary petition commencing a chapter 13 bankruptcy case. Paragraph 11 of the *Order Confirming Plan* entered by the Court on July 5, 2011 (Bankruptcy Case Docket No. 34) provided that "Property of the estate shall re-vest in the debtor upon entry of this confirmation order, subject to the rights of the trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306."

Post-confirmation, on October 7, 2011, Bank filed a *Motion for Relief from Stay and to Abandon Real Estate with 30 Day Waiver* (Bankruptcy Case Docket No. 40), seeking relief from the automatic stay to enforce its rights and remedies under applicable law as a secured creditor holding a mortgage lien against property owned by Debtor located at 6827 Amber Springs Way, Indianapolis, Indiana 46237 (the "Home"). On November 21, 2011, the Court entered its *Order Denying Motion for Relief from Stay and to Abandon Real Estate with 30 Day Waiver and to Cure Arrears* (Bankruptcy Case Docket No. 49), and ordered that if Debtor failed to comply with such order or to make any future mortgage installment payment, then the stay would be lifted and the Home abandoned upon Bank's filing a notice of default. Bank filed such notice of default on March 12, 2014 (Bankruptcy Case Docket No. 69), and the Court lifted the stay and ordered the Home abandoned on April 4, 2014 (Bankruptcy Case Docket No. 70).

The chapter 13 trustee filed her notice of plan completion on May 13, 2016 (Bankruptcy

Case Docket No. 96), and Debtor received his discharge on June 28, 2016 (Bankruptcy Case Docket No. 99).

*This Adversary Proceeding*

On July 1, 2016, Debtor filed the seven-count *Complaint for Damages in Core Adversary Proceeding and Request for Jury Trial* (Docket No. 1) (the "Complaint"), alleging that the acts and conduct of Five Brothers and Bank (who engaged Five Brothers to perform the acts in question) associated with Bank's foreclosure of its mortgage lien against the Home in state court constitute a willful violation of the automatic stay (11 U.S.C. §§ 362(a)(1) and (6)), a violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692(f)), a nuisance (Ind. Code § 32-30-6-6), common law trespass, criminal trespass (Ind. Code § 35-43-2-2), an intentional infliction of emotional distress, and an invasion of privacy by intrusion. Those alleged acts include, *inter alia*, changing the locks, placing a lockbox on the front door and placing a padlock on the garage door; refusing and/or delaying Debtor's access to the Home; rummaging through, ransacking and dumping Debtor's personal items throughout the Home; removing a four-foot tall tin knight and a bag of wheat pennies and some silver dollars (collectively, the "Property") that had belonged to Debtor's deceased grandfather from the Home; and entering the Home without permission. The time period of these alleged acts is from approximately March 31, 2016 through April 2016.

In the Motion, Bank argues that the Court lacks subject-matter jurisdiction and moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). Specifically, Bank argues that Debtor's claims are not " 'core proceedings' that are 'arising under' the Bankruptcy Code or 'arising in' [Debtor's] chapter 13 bankruptcy pursuant to 28 U.S.C. § 157(b)" because the Property[1] was not property of the estate

---

[1] Bank defines the term "Property" in the Brief as Debtor's home located at 6827 Amber Springs Way, Indianapolis, Indiana 46237, which the Court defined herein and in the Prior Dismissal Order as "Home."

during the relevant time period.  (Brief, p. 4.)

*Standard of Review*

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."  *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).  *See also* Fed. R. Civ. P. 12(h)(3), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims."  *Babchuk v. Indiana Univ. Health, Inc.*, 299 F.R.D. 591, 592 (S.D. Ind. 2014) (citing *Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir. 2003)).

> In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor."  *Franzoni v. Hartmarx Corp.,* 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001).  We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *See Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F.Supp.2d 1069, 1074 (S.D. Ind. 2011).

*Gann v. Richardson*, 43 F.Supp.3d 896, 900 (S.D. Ind. 2014).

*Reasoning*

The Court fully incorporates by this reference the reasoning set forth in the Prior Dismissal Order.  For the reasons described therein, the Court concludes (1) that the Property was not property of the estate at the time of the alleged acts; therefore, Debtor is not entitled to relief on Count I alleging a willful violation of the automatic stay; and (2) the Court lacks subject-matter jurisdiction over the remaining counts of the Complaint, as there is no "arising under," "arising in" or "related to" jurisdiction.  *See* 28 U.S.C. §§ 157(b) and 1334(b) and *Black v. U.S. Postal Serv. (In re Heath)*, 115 F.3d 521, 524 (7th Cir. 1997).

*Conclusion*

Even taking the facts Debtor alleges in the Complaint as true and drawing all reasonable inferences therefrom, Debtor has not shown that he is entitled to relief in this Court on any of the counts of the Complaint. Therefore, the MOTION is granted, and the claims asserted against Bank are DISMISSED WITHOUT PREJUDICE such that Debtor may pursue such claims against Bank in a court of competent jurisdiction.

IT IS SO ORDERED.

# # #